UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:
APA, RUSSELL P.                              Case No.: 15-25721-PGH
SSN: XXX-XX-3826                             Chapter: 13

_____Debtor(s)_____/

**MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD
BY PNC BANK, NATIONAL ASSOCIATION**

IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL

This Motion seeks to value collateral described below securing the claim of the creditor listed below.

IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)].

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 calendar days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3016-3(A)(4)].**

1.      Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor seeks to value real property securing the claim of **PNC BANK, NATIONAL ASSOCIATION** (the "Lender"). Lender holds a mortgage recorded on January 11, 2005 at OR Book 01971 Page 2466 in the official records of Martin County, Florida.

2.      The real property is located at: 4564 SW Ranchwood Street, Palm City, FL 34990 and is more particularly described as follows:

> Parcel One: That portion of Lot 12, RANCHWOOD #2, an unrecorded Plat described as follows: the East 28 feet of the East 160 feet of the West 389.97 feet of the South 110 feet of the North 165 feet of Tract 58, Section 2, Township 39 South, Range 40 East, PALM CITY FARMS, according to the Plat thereof,

as recorded in Plat Book 6, Page 42, Public Records of Palm Beach (now Martin) County, Florida.

Parcel Two: Lot 13 of RANCHWOOD #2, an unrecorded Plat described as follows: The Easterly 80 feet of the Northerly 165 feet of Tract 58, Section 2, township 39 South, Range 40 East, PALM CITY FARMS, according to the Plat thereof, as recorded in Plat Book 6, Page 42, Public Records of Palm Beach (now Martin) County, Florida.

3. At the time of the filing of this case, the value of the real property is **$72,550.00** as determined by Martin County, Florida Laurel Kelly, C.F.A. Property Appraiser OFFICE.

4. There is a lien on the property superior to that of Lender, held by **Rushmore Loan Management Services** in the amount of **$114,195.06.**

5. Lender's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

6. The undersigned reviewed the docket and claims register and states that Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE**, the debtor respectfully requests an order of the Court:

(a) Determining the value of the real property in the amount asserted in this Motion;

(b) Determining the secured status of the Lender's lien as stated above, a wholly unsecured lien junior to the lien held by **Rushmore Loan Management Services;**

(c) Determining that any timely filed proof of claim is classified as stated above

(d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without

further order of the Court, upon entry of the debtor's discharge in this chapter 13 case,

and

(e) Providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.  In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.  The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at lease 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing are served.

Dated: October 29, 2015.                    Respectively Submitted

*/s/ Jon L. Martin*
Jon L. Martin
Attorney for the Debtor(s)
901 S.W. Martin downs Blvd., Suite 309
Palm City, FL  34990
(772) 419-0057
(772) 781-4548 Facsimile
Email:  jlm@jonlmartinlaw.com